UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TORNIKE AMBROLADZE,<br><br>                    Petitioner,<br>    -against-<br><br>RAUL MALDONADO, the Warden of Brooklyn Metropolitan Detention Center, WILLIAM JOYCE, the Acting ICE Field Office Director, KRISTI NOEM, the Secretary of the Department of Homeland Security, TODD M. LYONS, the Acting Director of U.S. Immigration and Customs Enforcement (ICE), PAMELA BONDI, the Attorney General of the United States,<br><br>                    Respondents. | **MEMORANDUM & ORDER**<br>26-CV-00474 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

On January 22, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained

Petitioner Tornike Ambroladze ("Ambroladze" or "Petitioner") following a car accident.

Petitioner was then transferred to the Metropolitan Detention Center ("MDC") in Brooklyn.

Petitioner now seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]  For

the following reasons, his petition for a writ of habeas corpus is GRANTED.

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

**BACKGROUND**[2]

Petitioner is a Georgian national who arrived in the United States in December 2022. ECF No. 1 at 2, 4.  When Petitioner arrived in the United States, he was detained, charged as removable as a noncitizen "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General," pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), ordered to appear before an immigration judge at a later date, and released.  *See id.* at 4–5.  According to Petitioner, he subsequently filed an application for asylum, which is currently pending.  *See id.* at 5.

On January 28, 2026, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus.  ECF No. 1 ("Petition").  That same day, the Court issued an Order to Show Cause directing the government to show cause why a writ of habeas corpus should not be granted, why it should not be ordered to immediately release Petitioner from detention, and whether the instant Petition is controlled by this Court's prior opinions in *O.F.B. v. Maldonado*, No. 25-cv-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), *R.P.L. v. Maldonado*, No. 25-cv-6886, 2025 WL 3731864 (E.D.N.Y. Dec. 26, 2025), and *Ndiaye v. Francis*, No. 26-cv-0069, 2026 WL 99930 (E.D.N.Y. Jan. 14, 2026).  *See* Jan. 28, 2026, Text Order.  On February 3, 2026, the government filed its response.  *See* ECF No. 5 ("Response").

---

[2]   The Court relies on the parties' papers in outlining the relevant facts to this Order.  The facts recited here are undisputed unless otherwise noted.  *See Hyppolite v. Noem*, No. 25-cv-4304, 2025 WL 2829511, at *2 n.1 (E.D.N.Y. Oct. 6, 2025); *Munoz Materano v. Arteta*, No. 25-cv-6137, 2025 WL 2630826, at *1 n.1 (S.D.N.Y. Sept. 12, 2025).

After review of all the submissions, the Court finds that the Petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing.  *See* 28 U.S.C. § 2243 (directing courts to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require"); *see also Tumba Huamani v. Francis*, No. 25-cv-8110, 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025).

The government's Response noted that, while it disagrees with the Court's rejection of its argument that 8 U.S.C. § 1225 applies to noncitizens who had been living in the country before they were detained, it nevertheless "acknowledge[s] that [this Court's] prior decisions in *O.F.B.*, *R.P.L.*, and *Ndiaye* would control the outcome here, and recognize[s] that it would be futile to repeat the government's statutory interpretation arguments in opposing the [instant] habeas petition." *Id.* at 3.

The Court issues the instant Order before Petitioner's deadline to file a reply in light of its obligation to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require." 28 U.S.C. § 2243.

## LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## DISCUSSION

In the instant petition, Ambroladze seeks a writ of habeas corpus based on:  (1) a violation of the Immigration and Nationality Act ("INA"); (2) a violation of the Due Process

Clause of the Fifth Amendment; and (3) a violation of the Fourth Amendment.[3]  ECF No. 1 at 5–7.

In response, the government reiterates its now-familiar position—that "ICE has properly detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), and that such detention is mandatory," ECF No. 5 at 3—despite sweeping rejection by district courts across the country.[4]  The government also notes that "it would be futile to repeat the government's statutory interpretation arguments in opposing the [instant] habeas petition."  *Id.*

The Court agrees with the government that it need not repeat its statutory interpretation here because the result of this case is the same as that in *O.F.B.*, 2025 WL 3277677, *R.P.L.*, 2025 WL 3731864, and *Ndiaye*, 2026 WL 99930.  And, for the reasons this Court has already

---

[3]    Although Petitioner presents a serious claim regarding his unlawful arrest (claim three), *see* ECF No. 1 at 7, the Court need not address that claim, given its conclusion that Petitioner's detention under 8 U.S.C. § 1226 violates the Due Process Clause of the Fifth Amendment.

[4]    In November, the number of nationwide cases concerning the position the government reiterates here was approaching 400.  *See Barco Mercado v. Francis*, No. 25-cv-6582, 2025 WL 3295903, at *4, *13 (S.D.N.Y. Nov. 26, 2025) (collecting 362 cases into appendices, one listing 350 cases where courts rejected the government's position, and the other, listing 12 cases that have gone the other way).  To be sure, "[t]hat number has certainly increased . . . since Judge Kaplan [in *Barco Mercado*] undertook a comprehensive study and compiled the appendices listing 362 cases."  *Sidqui v. Almodovar*, No. 25-cv-9349, 2026 WL 251929, at *9 (S.D.N.Y. Jan. 30, 2026).

Recently, courts surveying the decisions in this Circuit and this District have found similar results.  *See Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569, at *3 (E.D.N.Y. Jan. 6, 2026) ("[I]n the last four months," courts "within the Eastern District of New York . . . have unanimously rejected the government's interpretation.").

As the government notes, it "has appealed a decision holding that Section 1226(a), as opposed to Section 1225(b), applies."  ECF No. 5 at 3 n.3 (citing *Barbosa da Cunha v. Freden*, No. 25-cv-6532, 2025 WL 3280575 (W.D.N.Y. Nov. 25, 2025), Second Cir. No. 25-3141).  The petitioners in two of the cases "in this circuit that agree with the government's interpretation" have appealed.  *See Ye v. Maldonado*, No. 25-cv-6417, 2025 WL 3521298, at *2 n.7 (E.D.N.Y Dec. 8, 2025); ECF No. 5 at 3 n.3 (citing *Chen v. Almodovar*, No. 25-cv-8350, 2025 WL 3484855 (S.D.N.Y. Dec. 4. 2025), Second Cir. No. 25-3169; *Candido v. Bondi*, No. 25-cv-867, 2025 WL 3484932 (W.D.N.Y. Dec. 4, 2025), Second Cir. No. 25-3159).

articulated in its decisions in those cases (and hundreds of others across the country), the Court concludes that Petitioner is currently being detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth Amendment. *See O.F.B.*, 2025 WL 3277677, at *3–6; *R.P.L.*, 2025 WL 3731864, at *2–4; *Ndiaye*, 2026 WL 99930, at *3; *see also, e.g.*, *Tacuri*, 2026 WL 35569, at *3 (collecting cases).

Still, even if the government did repeat its statutory interpretation, and "even if the Court ignored the problems with [it], or the hundreds of district court decisions that have confronted this issue, and instead followed the minority view (which is [effectively] what the government asks here), the result would be the same—Petitioner's arrest and detention do not comport with due process." *See O.F.B.,* 2025 WL 3277677, at *6.

Accordingly, because the "typical remedy" for "unlawful executive detention" is "of course, release," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release, *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[R]elease from illegal custody" is the "usual remedy by which a man is restored again to his liberty, if he ha[s] been against law deprived of it.").

## **CONCLUSION**

For the reasons stated above, Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and his petition for a writ of habeas corpus, ECF No. 1, is GRANTED.

The government is directed to immediately release Petitioner from custody and is further directed to certify compliance with the Court's Order by filing a letter on the docket no later than 4:00 p.m. tomorrow, February 4, 2026. The Court further orders that Petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a

neutral decisionmaker, where Respondents will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).  For the avoidance of doubt, the Court concludes that Petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante."  *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements").  This Order includes "an injunction barring deprivation [of any] of the [Petitioner's] rights without the requisite procedural protections."  *Id.*

The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.


SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge


Dated: Brooklyn, New York
       February 3, 2026

6